UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MELISSA ARNOLD                                    CIVIL ACTION

VERSUS                                            NO. 11-427

JANE DOE, WEST QUALITY FOOD SERVICE,              SECTION "B"(2)
INC., d/b/a KENTUCKY FRIED CHICKEN
RESTAURANT, & SCOTTSDALE INSURANCE CO.

**ORDER AND REASONS**

Before the Court is the Motion to Remand filed by the Plaintiff, Melissa Arnold (Rec. Doc. No. 22) and opposed by Defendant, Scottsdale Insurance Company (Rec. Doc. No. 23). For the following reasons,

**IT IS ORDERED** that Melissa Arnold's Motion to Remand (Rec. Doc. No. 22) is **GRANTED**, PROVIDED the Plaintiff herself executes and files a sufficient stipulation within 10 days of this order.

Plaintiff, Melissa Arnold, filed suit in the 34th Judicial District Court for the Parish of St. Bernard, Case No. 116-897, alleging that the manager of the Kentucky Fried Chicken Restaurant at which she worked threatened her with physical harm. Arnold alleges further that when she left the establishment to avoid a confrontation, the manager followed her outside and struck her with a closed fist about the face and body, causing her injury. Defendant Scottsdale Insurance Company removed the action based on diversity of the parties. (Rec. Doc. No. 1). In support of Plaintiff's Motion to Remand, her attorney has filed a stipulation

1

that the amount in controversy, exclusive of interest and costs, does not meet the jurisdictional threshold of $75,000. (Rec. Doc. No. 22-2).

Plaintiff contends that her medical bills total $7,126.00 and that her case has been calculated to be at a value which is under $75,000. Her attorney filed a stipulation that "plaintiff will stipulate" that the amount in controversy does not exceed $75,000 exclusive of costs and interest. (Rec. Doc. No. 22).

Defendant Scottsdale Insurance Company opposes the remand of the action only on the sufficiency of the stipulation of Plaintiff's attorney. Defendant argues that the Plaintiff herself must submit the stipulation, and that the stipulation must waive Plaintiff's right to accept or enforce any judgment in excess of $75,000, exclusive of interest and costs. (Rec. Doc. No.23).

Federal courts are courts of limited subject matter jurisdiction and cannot entertain suits unless authorized by law. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Federal district courts have jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the claim is between citizens of different states. 28 U.S.C. §1332. The removing party bears the burden of showing that federal jurisdiction exists and therefore that removal was proper. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v.*

*Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000). However, once the district court's jurisdiction is established, based on facts supporting jurisdiction at the time of removal, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. *St. Paul Mercury Indem. Co. V. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).

Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of monetary damages. *See* La.C.C.P. art. 839(A)(1). When the amount in controversy is ambiguous at the time of removal--when it is not facially apparent from the petition that the amount in controversy exceeds $75,000-the Plaintiff may file a binding post-removal stipulation or affidavit. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (2000). A binding stipulation would contain language that the plaintiff will not accept damages in excess of $75,000 and that the affidavit is also binding on plaintiff's representatives, assigns, and heirs, and would be signed by plaintiff and plaintiff's counsel. *Hamilton v. Mosaic Co.*, 09-3356, 2009 WL 2870215 at *3 (E.D. La. 8/27/09). An affidavit signed only by plaintiff's counsel would not be binding on plaintiff, and thus would not be sufficient to defeat jurisdiction. *Id.*

It was not facially apparent at the time of removal that the amount in controversy in this case exceeded $75,000, and Plaintiff

can avoid federal jurisdiction by submitting a post-removal stipulation. However, while the stipulation of Plaintiff's counsel weighs in favor of remand, it is insufficient to defeat jurisdiction. Plaintiff herself needs to execute the proper stipulation under oath and filed into the record.

New Orleans, Louisiana, this 7th day of December, 2011.

_____

UNITED STATES DISTRICT JUDGE